**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Otterbeck,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-21-00875-PHX-GMS<br><br>**ORDER** |

United States Magistrate Judge James F. Metcalf issued a report and recommendation ("R&R") recommending that decision of the Administrative Law Judge be affirmed (Doc. 27). Plaintiff filed an objection to the R&R (Doc. 31), and Defendant filed a response to the objection (Doc. 32).

The Court considers Plaintiff's objections and reviews the Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (noting that courts must make a *de novo* determination of those portions of an R&R to which specific objections are made). However, a party is not entitled to *de novo* review of evidence or arguments that are raised for the first time in an objection to an R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000); *see also Phillips v. Ryan*, No. CV-17-08094-PHX-DLR-DKD, 2018 WL 3096883, at *1 (D. Ariz. June 22, 2018) ("The Court will not consider an argument raised

for the first time in an objection to an R&R."). After careful review of the record, R&R, and Plaintiff's objections, the Court reaches the same conclusions as the Magistrate Judge for three reasons.

First, in his Objection, Plaintiff mostly re-states arguments made in his original briefing and takes issue with the Magistrate Judge's result. Plaintiff alleges, for example, that the Magistrate Judge upheld the ALJ's rejection of a treating physician's opinion, based on the existence of a single medical record with an entry related to Plaintiff's gait that would be inconsistent with the disability claim. This is simply not correct. As the Magistrate Judge noted, the ALJ—at several places in his determination—relied upon and cited to medical records from Dr. Grove and others that were inconsistent with Dr. Grove's conclusions. Further, the Magistrate Judge's interpretation of the ALJ's use of the term "extreme" is reasonable and seems to this Court to be the most probable use of the term. Indeed, the Magistrate Judge soundly addressed these, and many of Plaintiff's other arguments, in the 24-page R&R, and the Court will not re-state all of his determinations here. (*See generally* Doc. 27.)

Second, to the extent that Plaintiff objects to the R&R directly, he appears to advance several substantive arguments about flaws in the ALJ's analysis for the first time. For example, in his Opening Brief Plaintiff argues, in general terms, that the ALJ's "perceived medical expertise" did not justify his belief that Dr. Grove's assessed limitations were "extreme." (Doc. 21 at 14–15.) In his Objection, however, Plaintiff makes a far more specific argument that "the ALJ's conclusion that [certain] highly technical medical findings had to be present on an MRI for Dr. Grove's assessment to be considered valid" was an insufficient basis for his decision to reject "a medical doctor's opinion that the findings on that same MRI were significant." (Doc. 31 at 6.) In making his second argument, Plaintiff addresses the Magistrate Judge's specific reasoning for rejecting his initial, more general argument. Still, Plaintiff is not entitled to the Court's review on this point or other substantive arguments that appear for the first time in his Objection. Indeed, "[t]he Court elects not to entertain the new objections because Petitioner had a previous

opportunity" to raise more thoroughly supported arguments but "failed to do so." *Stravers v. Schriro*, No. CV07-0466PHXDGCBPV, 2008 WL 3285915, at *3 (D. Ariz. Aug. 7, 2008).

Third, in one instance, Plaintiff alleges that the Magistrate Judge failed to consider an argument Plaintiff properly raised in his opening brief. (Doc. 31 at 5.) However, even accepting this position, Plaintiff has not established that correcting this alleged failure would have altered the Magistrate Judge's ultimate assessment of the ALJ's supportability analysis. *Jones v. Comm'r of Soc. Sec. Admin.*, 460 F. Supp. 3d 867, 871 (D. Ariz. 2020) ("[A]n ALJ's decision need not be remanded or reversed if it is clear from the record that the error is 'inconsequential to the ultimate nondisability determination.'"). Indeed, even if the Magistrate Judge had considered this argument and the associated evidence, a review of the record indicates that the ALJ's supportability analysis would still be sufficient under the standard enunciated in *Woods v. Kijakazi* and reflects a reasonable assessment of Plaintiff's medical records. 32 F.4th 785, 792 (9th Cir. 2022); (AR 21); 20 C.F.R. § 14520c(c)(1) (noting that an ALJ assesses supportability by considering the objective medical evidence and supporting explanations presented by a medical source).

Accordingly, the Court accepts the recommended decision within the meaning of Rule 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

**IT IS THEREFORE ORDERED** that Report and Recommendation of the Magistrate Judge (Doc. 27) is accepted.

**IT IS FURTHER ORDERED** affirming the August 12, 2020 decision of the Administrative Law Judge.

/ / /

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

Dated this 4th day of May, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge